[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REOPEN JUDGMENT
This is a Post Judgment Motion filed by the plaintiff, Jennifer DePrisco, seeking to reopen and set aside a judgment dissolving her marriage to the defendant, Robin V. Goeler.
After a full hearing on the motion, the parties present and represented by counsel, the court finds as follows:
The plaintiff is claiming fraud on the part of the defendant with regard to his financial affidavit.
The court rules that an allegation of fraud requires the court to apply the standard of proof of clear and convincing evidence in order to find fraud on the part of the defendant.
The plaintiff has the burden to prove by clear and convincing evidence that the defendant committed fraud.
On November 24, 1992, the marriage of the parties was dissolved by order of this court. At the time of the dissolution, the defendant, a public school administrator, had a retirement plan with the State of Connecticut Teachers Retirement System. At the time of the dissolution, the pension was not vested and the defendant was precluding from making withdrawals from the fund unless he terminated his employment.
The defendant was not sure of the value of the pension fund and although he listed the fund as an asset, he utilized a question mark, indicating that he did not know the value of the fund at the time he completed and signed his financial affidavit on November 23, 1992.
During the marriage, both parties were aware of and had access to periodic statements indicating the defendant's contribution to the fund.
The parties negotiated an agreement and proceeded to an uncontested dissolution.
The court expressly finds that the plaintiff has failed to prove by clear and convincing evidence that the defendant intended to deceive the plaintiff by knowingly making an untrue statement with the intent that the plaintiff rely on same to her detriment. CT Page 4506
Accordingly, the court having found no fraudulent conduct on the part of the defendant, denies the plaintiff's motion to reopen.
SPALLONE STATE TRIAL REFEREE